UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EIGHTEEN THOUSAND DOLLARS
($18,000.00) IN U.S. CURRENCY
SEIZED FROM BANK OF AMERICA
ACCOUNT NO. 898084986925,

        Defendant *in rem*.
_____/

Civil No.

Honorable:
Magistrate Judge:

**DEMAND FOR JURY TRIAL**

# COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, by and through Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

1. This is an *in rem* civil forfeiture action under Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C); Title 18, United States Code, Section 984; Title 21, United States Code, Section 881(a)(6); and Title 31, United States Code, Section 5317(c).

2. This Court has original jurisdiction over this forfeiture action under Title 28, United States Code, Section 1345 because the action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under Title 28, United States Code, Section 1355(b)(1)(B) and Title 28, United States Code, Section 1395 because the property was found in the Eastern District of Michigan.

4. Venue is proper before this Court under Title 28, United States Code, Section 1391(b) because the property that is the subject of the action is situated in the Eastern District of Michigan and the Defendant *in rem* is subject to the court's personal jurisdiction in the Eastern District of Michigan.

5. Venue is also proper before this Court under Title 28, United States Code, Section 1395 because the action accrued and because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of Eighteen Thousand Dollars ($18,000.00) in U.S. Currency seized from Bank of America Account No. 898084986925 (also referred to as the "Defendant Currency"). Special Agents of Homeland Security Investigations ("HSI") seized the Defendant Currency on or around March 16, 2020 at Bank of America in Detroit, Michigan.

## POSSIBLE COMPANION CASE

7. There is a possible companion civil forfeiture action pending in the Eastern District of Michigan: *United States v. One Hundred Forty-Eight Thousand Three Hundred Fifty-Four Dollars and Ninety-One Cents ($148,354.91) in U.S. Currency Seized from JP Morgan Chase Bank Account No. 839083867 (3:20-cv-12257)*.

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

8. The Defendant Currency is forfeitable to the United States of America under one or more of the following forfeiture statutes: Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C); Title 18, United States Code, Section 984; Title 21, United States Code, Section 881(a)(6); and Title 31, United States Code, Section 5317(c) as property with a nexus to violations of one or more of the following statutes: Title 18, United States Code, Sections 1956, Title 21, United States Code, Section 841, and Title 31, United States Code, Section 5324. Evidence supporting forfeiture includes, but is not limited to, the following:

    a. On October 19, 2019, Fabian Andres Plata-Ocampo, a Colombian citizen, arrived at the Detroit Ambassador Bridge Port of Entry driving a rental vehicle with a Georgia license plate.

    b. On primary inspection, Plata-Ocampo told U.S. Customs and Border Protection ("CBP") Officers that he was lost and did not intend to go to

Canada. Plata-Ocampo also told officers that he was carrying $10,000 in U.S. currency.

   c. During secondary inspection, CBP Officers and a K-9 searched Plata-Ocampo's vehicle and discovered several bundles of U.S. Currency hidden in the dashboard and several bags located in the vehicle. The currency found hidden in the vehicle and on Plata-Ocampo's person totaled $178,427.

   d. During the search of the vehicle, CBP Officers also found several bank transaction receipts from different bank accounts and branch locations, a Mexican driver's license with Plata-Ocampo's picture and another name, and paperwork showing that the vehicle was rented in Chicago, IL using the fraudulent Mexican driver's license.

   e. During an interview, Plata-Ocampo stated that he had done approximately five money pick-ups over the course of approximately four months in the Los Angeles, CA area and that this was his first money pick up outside of Los Angeles. Plata-Ocampo told the agent that he was given a cellular telephone and received instructions via text message and phone call regarding when and where to pick up money.

   f. Plata-Ocampo told agents that on this occasion he flew from Los Angeles, CA to Chicago, IL, rented a vehicle and drove to Columbus, OH to

4

pick up money from an unknown individual. Plata-Ocampo was in the metro Detroit area waiting for directions regarding where to deposit the money.

   g. The bank receipts found in the rental vehicle showed that from October 17 to October 19, 2019, $194,740 cash was deposited in amounts of $10,000 and under in 22 bank transactions at different bank branches in Illinois, Indiana, and Ohio.

   h. Plata-Ocampo's cellular phones contained hundreds of photographs of cash deposit receipts, "bulk cash," and messages describing currency amounts, bank account numbers, names, and phone numbers. The photographs of bank receipts showed 807 bank deposits conducted between April 15 and August 28, 2019 totaling $5,769,319.20.

   i. Plata-Ocampo stated he would pick-up between $50,000 and $175,000 U.S. Currency and then wait for deposit instructions. Plata-Ocampo stated he deposited money into bank accounts at JPMorgan Chase, Bank of America, Citibank, and Wells Fargo. Once the transaction was complete, Plata-Ocampo would send his "boss" a picture of the cash deposit receipt to confirm the transaction.

   j. On March 16, 2020, HSI executed seizure warrants for 17 accounts at JPMorgan Chase Bank, 26 accounts at Bank of America, 1 account at PNC Bank, and 4 accounts at Wells Fargo.

      k.      Among the accounts seized was a Bank of America account in the name of Lutimi NR Corp.

      l.      Based on bank receipts found in Plata-Ocampo's vehicle and on his cellular phones, Plata-Ocampo made the following cash deposits into the Lutimi NR Corp account:

| Date of Deposit | Location of Deposit | Branch # | Amount of Deposit |
|---|---|---|---|
| 5/7/2019 | Chino, CA | 969 | $9,000.00 |
| 5/7/2019 | Pomona, CA | 2227 | $9,000.00 |
| Total: | | | $18,000.00 |

      m.      Agents reviewed Bank Currency Transaction Reports (BCTRs) for the Lutimi NR Corp account and discovered eleven BCTRs filed for cash deposits in one day over $10,000.00. Agents reviewed the BCTRs and discovered that five of the filings were the result of multiple cash deposits in one day over the $10,000.00 filing threshold. None of the five transactions were over $10,000.00, but the combination of multiple transactions into the account in one day triggered the filing by the financial institution.

      n.      Agents are familiar with this type of cash deposit activity as a common method of structuring cash deposits in order to avoid the bank branch filing a BCTR, which requires the depositor to provide the bank teller with additional information.

  o. This account received a total of $207,393.00 in cash deposits identified through BCTRs.

  p. Agents identified no Form 8300s filed by the business.

  q. BCTRs filed during the above timeframe list a business address on the account as XXXX S Federal Hwy, Dania, FL 33004.

## CLAIM

9. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 8, including subparagraphs.

10. The Defendant Currency is forfeitable to the United States of America under one or more of the following forfeiture statutes: Title 18, United States Code, Sections 981(a)(1)(A), (a)(1)(C), 984; Title 21, United States Code, Section 881(a)(6); and/or Title 31, United States Code, Section 5317(c).

## JURY DEMAND

11. The United States respectfully demands a trial by jury in this matter.

## CONCLUSION AND RELIEF

Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be

granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

    Respectfully submitted,

    Saima S. Mohsin
    Acting United States Attorney

    <u>S/Adriana Dydell</u>
    Adriana Dydell (CA 239516)
    Assistant U.S. Attorney
    211 W. Fort Street, Ste. 2001
    Detroit, Michigan 48226
    (313) 226-9125
    Adriana.Dydell@usdoj.gov

Dated: August 12, 2021

## **VERIFICATION**

I, Christopher G. Hudson, state that I am a Special Agent with United States Homeland Security Investigations ("HSI"). I have read the foregoing Complaint for Forfeiture, and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

                                                Christopher G. Hudson
                                                HSI Special Agent

Dated: _08/11_, 2021